

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,114-01

### EX PARTE HAROLD "BUD" ERIC HAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 3477-A IN THE 100TH DISTRICT COURT
### FROM HALL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Ham v. State*, No. 07-09-00331-CR (Tex. App.—Amarillo 2011, pet. ref'd).

Applicant contends that trial counsel rendered ineffective assistance because, among other things, he advised Applicant that he was eligible for community supervision from the jury.

On September 18, 2013, we remanded this application and directed the trial court to make findings of fact and conclusions of law after ordering counsel to respond to Applicant's claim. If the

trial court found that counsel's advice was deficient and the State made a plea offer that was less severe than Applicant's sentence, we directed the trial court to also determine whether "Applicant would have accepted the plea offer but for counsel's deficient advice, the State would not have withdrawn its plea offer, and the trial court would have accepted it."

On remand, the trial court concluded that counsel's advice was deficient, but it found, among other things, that Applicant had failed to affirmatively state that he would have accepted the State's plea offer had he known he was not eligible for community supervision from a jury.

On February 5, 2014, we remanded this application a second time and directed the trial court to determine whether Applicant would have accepted the State's plea offer but for counsel's deficient advice, the State would not have withdrawn its plea offer, and the trial court would have accepted it.

On remand, the trial court signed an order and recommended that we grant relief. We are not able to determine, however, whether the trial court made the findings and conclusions we requested in our February 5 order.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

If the trial court has not already done so, it shall determine whether Applicant would have accepted the State's plea offer but for counsel's deficient advice, the State would not have withdrawn its plea offer, and the trial court would have accepted it. If the trial court has already made these findings and conclusions, it shall order the District Clerk to forward them to this Court. The trial

court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish